**Don ODOMS, Petitioner—Appellant,**

v.

**S. Frank THOMPSON, Respondent—Appellee.**

No. 01–35547.

D.C. No. CV–96–06108–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 22, 2002.

Before TROTT, T.G. NELSON, Circuit Judges and SHADUR,* District Judge.

### MEMORANDUM **

Don Odoms ("Odoms") appeals the district court's denial of his petition for habeas corpus, advancing numerous grounds on which he contends he is entitled to relief from his convictions for kidnaping in the first degree, rape in the first degree, sodomy in the first degree, compelling prostitution, promoting prostitution, robbery in the first degree, operating a motor vehicle in violation of a habitual-offender order and felony driving while revoked. We have jurisdiction pursuant to 28 U.S.C. § 2253. For the reasons briefly summarized below, we affirm the district court's rejection of each of Odoms' claims for relief.

### 1. Sufficiency of Evidence

Odoms contends that the evidence presented at his trial was insufficient to support his convictions for kidnaping, rape, sodomy and robbery. That argument was considered and rejected by the Oregon Court of Appeals on Odoms' direct appeal. On that score Odoms fails to meet the sufficiency of evidence standard articulated by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):

> [W]hether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

### 2. Prosecutorial Misconduct

Odoms' claim that the prosecutor committed misconduct by failing to dismiss the entire indictment when he learned that the complaining witness had committed perjury in her grand jury testimony fails in light of the facts that (1) the prosecutor dismissed the only count that was based on the perjured testimony, as well as having elicited testimony from the witness as to the perjury during her direct examination, and (2) Odoms was convicted at trial on all remaining counts, which rendered harmless any grand jury error (*United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)).

### 3. Invalid Indictment

Odoms next argues that his indictment was invalid because only six out of seven grand jurors were present on the date it was signed. But under Oregon law an indictment is valid when voted on by as few as five grand jurors, so long as five or more jurors concur in the indictment

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(*State v. Conger,* 319 Or. 484, 502, 878 P.2d 1089, 1099 (1994)).[1]

### 4. Procedural Default

In part the district court held that Odoms had procedurally defaulted a number of his claims by failing to exhaust them in the state court system. We find that ruling sound in all respects, and Odoms has presented no evidence that could overcome that default by establishing either (1) cause for and prejudice from his default or (2) a fundamental miscarriage of justice (*Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).

### 5. Ineffective Assistance of Counsel

Odoms argues that he received ineffective assistance of trial counsel in a number of respects, but in none of his claims does he meet the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) by showing both that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced him at trial.

### 6. Application of *Apprendi* to Odoms' Dangerous Offender Sentence

■ We recently held in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667 (9th Cir.2002) that the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) does not apply retroactively to cases on collateral review. That decision blocks Odoms' *Apprendi* claim, for his case was on collateral review when *Apprendi* was decided.

### 7. Request for Evidentiary Hearing

Finally, Odoms contends that the district court abused its discretion when it denied his request for an evidentiary hearing. Odoms has provided no meritorious evidence supporting his entitlement to a hearing, and we find that the district court did not abuse its discretion by refusing to grant him one.

AFFIRMED.

---

1. Two other obstacles provide additional independent grounds for rejecting that claim: (1) Odoms' failure to articulate how the allegedly invalid indictment violated his federal constitutional rights and (2) his failure to address the Oregon Court of Appeals' finding that he presented no evidence that the grand jury heard any evidence or voted on the indictment on the date the juror was absent.